**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**MANPREET SINGH,**

      **Petitioner,**

      **v.**                          **No. 2:26-cv-00103-SMD-DLM**

**DORA CASTRO, *et al.*,**

      **Respondents.**

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1).  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

## BACKGROUND

Petitioner Manpreet Singh is a citizen of India.  Doc. 1 ¶ 1.  He entered the United States on February 19, 2022.  *Id.*  On February 22, 2022, the Department of Homeland Security ("DHS") conducted a danger and flight risk assessment pursuant to Section 236 of the Immigration and Nationality Act ("INA").  *Id.* ¶ 41.  Following this initial encounter, was released on his own recognizance.  *Id.* ¶ 1.  On July 17, 2022, DHS processed Petitioner and issued a Notice to Appear issued charging Petitioner with entering the United States without admission or inspection.  *Id.* ¶¶ 3, 43.  Petitioner applied for and was granted employment authorization.  *Id.* ¶ 44.

In late 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") at a routine check-in in New York.  *Id.* ¶¶ 1, 15, 46; *see* Doc. 12 at 3.  He is detained without the possibility of bond, consistent with a new DHS policy issued on July 8, 2025, instructing all ICE

employees to consider anyone inadmissible under § 1182(a)(6)(A)(i), those who entered the United States without admission or parole, to be subject to detention under 8 U.S.C. § 1225(b)(2)(A), and therefore ineligible to be released on bond. Doc. 1 ¶ 4. Petitioner is currently held at Otero County Processing Center. *Id.* ¶ 15. Petitioner challenges his ongoing detention, asserting that the denial of a bond hearing violates 8 U.S.C. § 1226, federal regulations, and Due Process. *Id.* ¶¶ 49–69.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.    Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—*i.e.*, "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

2

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025). Petitioner challenges his detention under § 1225(b)(2)(A) as inconsistent with the INA. Doc. 1 ¶¶ 20–23, 29.

Section 1226(a), rather than § 1225(b)(2), governs Petitioner's detention because he was "already present in the United States" at the time of his arrest. *Jennings*, 583 U.S. at 303. Petitioner has resided in the United States since February 2022, during which he applied for and was granted employment authorization. Doc. 1 ¶ 44. He is therefore not subject to the mandatory detention provisions of § 1225, which apply to those seeking admission, specifically noncitizens who present at a port of entry or are apprehended immediately after entering.

Petitioner is instead entitled to a bond hearing under § 1226(a). *See Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at *2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1295 (D.N.M. 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-20307-JB, 2026 WL 467569, at *5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

II.     <u>The Government's Detention of Petitioner Violates His Fifth Amendment Rights</u>

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected

3

liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. The Government processed and released Petitioner on his own recognizance. Doc. 1 ¶¶ 1, 43; Doc. 1-3. Petitioner was granted work authorization. Doc. 1 ¶ 44.

The combination of authorized release and the right to legal employment creates a constitutionally protected interest that cannot be revoked without providing due process of law. While the Court recognizes that release on one's own recognizance does not constitute legal authorization to remain in the country and is generally revocable, any such revocation must still comport with constitutional procedural safeguards.

4

The United State's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government concedes that the material facts of this case are similar from those in *Martin Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026). *See* Doc. 11 at 2–3. Furthermore, the Government acknowledges that *Martin Ramirez* controls the outcome here should the Court adhere to that precedent. *See id.* Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Martin Ramirez*, 2026 WL 381869; *Cortez-Gonzalez*, 2025 WL 3485771, at *3.

**CONCLUSION**

It is hereby ORDERED:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within 24 hours of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where he can be collected, and by providing all necessary identity and travel documents to board a domestic flight to return to New York;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the

manner of departure (*e.g.*, transport to a bus station, designated drop-off location, or other arrangements).  Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

7) The Motion for Order to Show Cause (Doc. 4), Motion for Order to Show Cause (Doc. 5), Motion to Expedite Decision (Doc. 13) are **DENIED** as moot;

8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

IT IS SO ORDERED.

 

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**